BLD-406                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1838
_____

BRIAN D. BAXTER,
                              Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; BRIAN THOMPSON, SCI
Superintendent; MICHAEL MALMISTER, SCI Mercer, Deputy Superintendent;
MR. GIORDANO, SCI Auto Mechanics Instructor; KIMBERLY BOAL, CHCA, SCI
Mercer; JAMES P. OPPMAN, SCI Principal; JOHN/JANE DOE, Chief
Secretary's Office of Inmate Grievances & Appeals
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-14-cv-00126)
District Judge: Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 9, 2016

Before:  KRAUSE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 30, 2016)

_____

OPINION*
_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute a binding precedent.

PER CURIAM

Brian Baxter appeals from an order of the District Court awarding summary judgment to the defendants. For the reasons that follow, we will summarily affirm.

Baxter, an inmate at the State Correctional Institution in Mercer, Pennsylvania ("SCI-Mercer"), filed a civil rights complaint, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania against state Department of Corrections ("DOC") employees and officials. In his amended complaint he alleged a violation of his rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a), and sought money damages. The essential facts are not in dispute. Baxter was removed from an auto mechanics vocational program at the prison due to previously imposed medical restrictions. Baxter has been under a physician's care for the treatment of chronic back pain caused by serious injuries he suffered while serving in the military. He requires a cane to get around, and has bottom bunk/bottom tier status so that he does not have to use the stairs.

While enrolled in "Basic Auto Mechanics" at the prison, Baxter continued to seek treatment, including pain medication, for severe back pain. His treating physician, Dr. Scott D. Morgan, and defendant Kimberly Boal, Corrections Healthcare Administrator, decided to remove him from the auto mechanics course because it required that he climb two "sets" of stairs (this according to Baxter himself) to get to class. Dr. Morgan wanted to insure compliance with the medical restriction that Baxter not climb stairs with his cane. The Education Department apparently was unaware of the restriction when Baxter

2

was admitted to the class and he evidently attended the class for two months before Dr. Morgan discovered the unapproved staircase climbing. When Baxter grieved the matter, stating that the class should be available in a fully accessible location or that the prison should install an elevator, Boal, pursuant to the ADA, offered in the alternative to inquire for him which of the other state correctional institutions offered auto trades in an environment that did not contain a staircase.[1] Baxter declined the offer and brought this lawsuit instead.

The defendants moved for summary judgment on several grounds, including incomplete exhaustion of administrative remedies and sovereign immunity, and submitted numerous exhibits in support. Baxter also moved for summary judgment. The Magistrate Judge filed a Report and Recommendation after reviewing the summary judgment record, in which he concluded that the defendants were entitled to judgment as a matter of law. The Magistrate Judge declined to hold that Baxter had failed to exhaust his administrative remedies, and concluded in pertinent part that there was no triable issue with respect to whether Baxter had suffered discrimination on the basis of his disability in connection with his removal from the auto mechanics course. The Magistrate Judge noted that, although Baxter argued that he capably attended the auto mechanics class for two months before his enrollment was discovered by the medical staff, such was not the case because, at the same time that he was attending class, he was presenting at the prison infirmary for treatment of severe back pain. As to his other argument – that he was entitled to a reasonable accommodation – the Magistrate Judge reasoned that he received one; Boal offered to find an auto mechanics course for him at

_____

[1] Originally, a different grievance officer advised Baxter that he could pursue other programs and activities that were within his medical restrictions.

3

another prison that would not require climbing stairs, and the ADA requires only reasonable accommodation, not the accommodation of the plaintiff's choice.

Baxter filed Objections to the Report and Recommendation, asserting that the Magistrate Judge overlooked his efforts to resolve the matter, specifically, his suggestion that prison officials build a ramp or install an elevator, instead of suggesting that he transfer to another institution. In an Order and Judgment entered on March 23, 2016, the District Court rejected the Objections as meritless, adopted the Magistrate Judge's Report and Recommendation, and awarded summary judgment to the defendants.

Baxter appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing. He has instead filed a motion for appointment of counsel on appeal.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A court should grant

4

summary judgment where the non-movant's evidence is merely colorable or not significantly probative, id. at 249-50, because "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

For claims brought under the ADA, the Supreme Court has held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). Applying United States v. Georgia, we concluded that District Courts are "required to determine in the first instance if any aspect of the [] alleged conduct forms the basis for a Title II claim." Bowers v. National Collegiate Athletic Ass'n, 475 F.3d 524, 553 (3d Cir. 2007) (footnote omitted). If the complaint states a claim under Title II, the Court must next determine whether the alleged conduct also violates the Fourteenth Amendment, and if not, whether Congress's purported abrogation of state sovereign immunity is nevertheless valid. Id. at 553-54. We do not reach the constitutional issue unless and until it is decided that the plaintiff has made out a valid Title II claim. See United States v. Georgia, 546 U.S. at 159; see also Bowers, 475 F.3d at 553.

Under Title II of the ADA, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II prohibiting a "public entity" from discriminating against a qualified individual with a disability on account of that

5

individual's disability, applies to inmates in state prisons. <u>Pennsylvania Dep't of Corrections v. Yeskey</u>, 524 U.S. 206 (1998). The protections afforded by the Rehabilitation Act are substantially similar. <u>See</u> <u>Bowers</u>, 475 F.3d at 550. To succeed under the Rehabilitation Act, a plaintiff must show: (1) that he has a disability; (2) that he is otherwise qualified for the benefit that has been denied; (3) that he has been denied the benefit solely by reason of his disability; and (4) that the benefit is part of a program or activity receiving Federal financial assistance. <u>See</u> <u>Wagner by Wagner v. Fair Ares Geriatric Center</u>, 49 F.3d 1002, 1009 (3d Cir. 1995).

We conclude that summary judgment was proper in Baxter's case on his ADA and Rehabilitation Act claims. Baxter plainly is disabled by his chronic back problems and the parties do not dispute that the medical restriction imposed on him with respect to climbing stairs is warranted.[2] In addition, Baxter is qualified to take a basic auto mechanics course. We note that Boal offered to find a basic auto mechanics class for him at another institution, indicating her belief that he was otherwise qualified to take such a class.[3] Last, it is undisputed that Baxter was excluded from participation in the SCI-Mercer auto mechanics course by Boal and Dr. Morgan on account of his ambulatory difficulties, that is, his inability to safely negotiate stairs.

Thus, the defendants are entitled to summary judgment only if it is undisputed that they provided Baxter with a reasonable accommodation for his disability by offering to

---

[2] A disability is "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). "[W]alking" is a "major life activity" for the purposes of the statute, <u>id.</u> at § 12102(2)(A).

[3] A qualified individual with a disability is "an individual with a disability who, with or without reasonable modifications ... meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131.

find him an auto mechanics course at another prison that would not require him to climb stairs. See Bowers, 475 F.3d at 553. See also Henrietta D. v. Bloomberg, 331 F.3d 261, 277 (2d Cir. 2003) ("Quite simply, the demonstration that a disability makes it difficult for a plaintiff to access benefits that are available to both those with and without disabilities is sufficient to sustain a claim for a reasonable accommodation."). We agree with the District Court that the defendants made the required showing. They demonstrated without contradiction that they were willing to find Baxter a suitable auto mechanics program at another institution. A reasonable accommodation must be effective, see U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 400 (2002), and an auto mechanics course at another prison that would not require Baxter to climb stairs would indeed be effective. Perhaps Boal would not have been able to find such a program, in which case the defendants might have had to offer Baxter a different reasonable accommodation -- moving his class to a ground floor, for example -- but Baxter said no to this offer and filed this civil action instead and thus a reasonable juror could not conclude that his inability to access "programs, services and activities" stemmed from the defendants' refusal to provide him with a reasonable accommodation. See Mengine v. Runyon, 114 F.3d 415, 419-20 (3d Cir. 1997) (holding summary judgment proper where defendant makes good faith effort to engage in interactive process, communicate with plaintiff, and accommodate his disability). Cf. Colwell v. Rite Aid Corp., 602 F.3d 495, 507 (3d Cir. 2010) (employer cannot be faulted if employee's actions or omissions during interactive process cause process's failure).

For the foregoing reasons, we will summarily affirm the orders of the District Court granting summary judgment to the defendants and denying summary judgment to Baxter. Baxter's motion for appointment of counsel is denied as moot.